**WHIPPLE AZZARELLO, LLC**
Attorneys at Law
―――――
161 Madison Avenue, Suite 325
Morristown, New Jersey 07960
Tel: (973) 267-7300
Fax: (973) 267-0031
**whippleazzarellolaw.com**

**JOHN C. WHIPPLE**
Certified by the Supreme Court of
New Jersey as a Criminal Trial Attorney

**JOHN A. AZZARELLO**
Admitted in New Jersey
and New York

**JOHN J. FARMER, JR.**
Of Counsel

**AMY VALENTINE McCLELLAND**
Of Counsel

**WILLIAM J. MUNIOZ**
Admitted in New Jersey
and New York

December 20, 2018
Hon. Leda Dunn Wettre
Magistrate Judge
U.S. District Court
M. L. King, Jr. Federal Building & Courthouse
50 Walnut St., Room 2060
Newark, NJ 07102

*VIA ECF*

Re: *Mason Capital L.P., et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-1119-MCA-LDW ("*Mason*"); *Pentwater Equity Opportunities Master Fund, Ltd., et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-1121-MCA-LDW ("*Pentwater*"); *WCM Alternatives: Event-Driven Fund, et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-16204-MCA-LDW ("*Westchester*"); *Hudson Bay Master Fund Ltd., et al. v. Perrigo Co., plc, et al.*, No. 2:18-cv-16206-MCA-LDW ("*Hudson Bay*")

Dear Magistrate Judge Wettre,

This firm and Labaton Sucharow LLP represent Plaintiffs in the four above-referenced individual securities actions (the "Individual Actions") that are related to *Roofers' Pension Fund v. Papa, et al.*, No. 2:16-cv-2805-MCA-LDW ("Class Action").[1]

We write jointly on behalf of the Plaintiffs in the Individual Actions (the "Individual Action Plaintiffs") and Defendants in the Individual Actions ("Defendants") in regard to the Letter Orders dated December 13, 2018 in the *Mason* (ECF No. 48) and *Pentwater* (ECF No. 50) Individual Actions setting scheduling conferences in those actions for 11:30 a.m. on January 17 and January 28, 2019, respectively, and to seek approval of the discovery schedule and discovery coordination plan agreed to by the parties in the Individual Actions.

*Mason* **and** *Pentwater* **Conferences**

On December 13, 2018, the Court issued orders setting scheduling conferences for January 17, 2019 at 11:30 a.m. in *Mason* and for January 28, 2019 at 11:30 a.m. in *Pentwater*. The *Mason* and *Pentwater* parties agree that there is no need for preliminary conferences in *Mason* and *Pentwater*, as the parties have agreed on a discovery schedule and a plan to coordinate discovery-related matters with the discovery in the Class Action. Accordingly, based upon the proposed Discovery Schedule and Coordination Plan set forth below, we respectfully request that the Court enter an order modifying the December 13, 2018 Letter Orders to cancel the initial scheduling conferences on January 17 and 28, 2019 in *Mason* and *Pentwater*. The

---

[1] The Individual Actions and the Class Action will be referred to collectively as the "Related Actions."

Individual Action Plaintiffs attended the November 28, 2018 discovery teleconference in the Class Action, and they intend to attend future discovery teleconferences in the Class Action.

**Individual Actions Discovery Schedule and Discovery Coordination Plan**

Discovery in the Individual Actions is to be coordinated with discovery in the Class Action, pursuant to the stipulations entered into by the parties to the Individual Actions, which were so-ordered by this Court on November 9, 2018 in *Mason* (ECF No. 31) and *Pentwater* (ECF No. 34) and were filed with this Court on December 19, 2018 in *Hudson* (ECF No. 6) and *Westchester* (ECF No. 9). The Individual Action Plaintiffs and Defendants have already had a number of discussions concerning the coordination of discovery in the Related Actions. The Individual Action Plaintiffs and Defendants have agreed to the discovery deadlines set forth in the below schedule and the provisions in the below discovery plan.

The below Individual Actions Discovery Schedule and provisions of the below Discovery Plan are generally consistent with those that have been agreed to and so-ordered by this Court in other related individual securities actions against Perrigo.[2]

The parties jointly seek the Court's approval of the below schedule and the discovery coordination plan. If the following proposed schedule and discovery coordination plan meet with Your Honor's approval, the parties respectfully request that it be so-ordered.

**Individual Actions Discovery Schedule**

| **FACT DISCOVERY** | **INDIVIDUAL ACTIONS' DEADLINE** |
|---|---|
| *Service of parties' Rule 26(a)(1) disclosures* | January 28, 2019 |
| *Fact discovery deadline* | November 15, 2019 |
| **EXPERT DISCOVERY** | |
| *Affirmative expert reports* | Affirmative expert report(s) shall be served by the party bearing the burden of proof for a subject no later than ***60 days*** after affirmative expert reports are served by the party bearing the burden of proof in the Class Action. |
| *Rebuttal expert reports* | No later than ***60 days*** following the deadline to serve rebuttal expert reports in the Class Action. |
| *Reply expert reports* | No later than ***60 days*** following the deadline to serve reply expert reports in the Class Action. |

---

[2] *See, e.g.*, So-Ordered Discovery Schedule and Coordination Plan, *Nationwide Mutual Funds, et al. v. Perrigo Company, plc, et al.,* No. 2:18-cv-15382-MCA-LDW, ECF No. 20 (D.N.J. Nov. 27, 2018).

| FACT DISCOVERY | INDIVIDUAL ACTIONS' DEADLINE |
|---|---|
| *Expert depositions* | No later than **60 days** following the deadline for expert depositions in the Class Action. |
| **PRE-TRIAL AND TRIAL** | |
| *Dispositive motion deadline* | TBD |
| *Pre-trial conference* | TBD |
| *Trial* | TBD |

**Individual Actions Discovery Coordination Plan**

1. The requests for production served on Defendants in the Class Action shall be deemed served in the Individual Actions, but with a relevant period of January 1, 2013 through May 22, 2017. The parties agree that Defendants' objections and responses shall likewise be deemed served in the Individual Actions, including any objections related to the relevant period. Also, Individual Action Plaintiffs agree not to serve additional document requests until after Defendants have made their first production of documents in response to the requests already served on them in the Class Action. To the extent the Court in the Class Action sets a deadline for substantial completion of document production of documents responsive to the requests for production dated September 7, 2018 and served in the Class Action, that deadline shall govern production of those documents in the Individual Actions as well.

2. All discovery in any of the Related Actions will be deemed discovered in each of the actions, including non-party discovery to the extent the non-party agrees. Excluded from this agreement is any discovery (1) produced by current or former employees or agents of Lead Plaintiffs or Class Representatives; (2) solely and directly related to Lead Plaintiffs' or Class Representatives' investment decisions, standing, typicality or adequacy of representation; and (3) produced by the Individual Action Plaintiffs or any third-party related to the Individual Action Plaintiffs.

3. The Individual Action Plaintiffs will participate in any meaningful discussions between Defendants and the Class Action Plaintiffs concerning discovery, including the meet and confer process and discussions related to scope and the parameters and process of electronic discovery.

4. Depositions taken in the Class Action shall be deemed taken in the Individual Actions and the Individual Action Plaintiffs will be permitted to have a full right of participation in the fact witness depositions, including the opportunity to examine witnesses during depositions (subject to coordination with Class counsel). The parties in the Related Actions have not agreed to the amount of time each witness will be required to sit for his or her deposition.

5. The interrogatories served on Defendants in the Class Action shall be deemed served in the Individual Actions. Likewise, Defendants' objections and responses to the interrogatories in the Class Action shall be deemed objections and responses in the Individual Actions. The parties also agree that the combined Plaintiffs in each Individual Action are provided five

interrogatories in addition to the Class Action interrogatories and the combined Defendants in each Individual Action are limited to ten interrogatories in each Individual Action.

6. The Individual Action Plaintiffs and Defendants have not agreed to the number of depositions that each side in the Individual Actions should be permitted to take in addition to the depositions in the Class Action. The parties agree that each side should be permitted to take a limited number of additional depositions, however, the precise number will be determined at a later date.

Respectfully submitted,

By: s/ John A. Azzarello
    John A. Azzarello

WHIPPLE AZZARELLO, LLC
John A. Azzarello
161 Madison Avenue
Suite 325
Morristown, NJ 07960
(973) 267-7300
azzarello@whippleazzarellolaw.com

LABATON SUCHAROW LLP
Serena P. Hallowell
Corban S. Rhodes
Eric D. Gottlieb
140 Broadway
New York, NY 10005
(212) 907-0700
shallowell@labaton.com
crhodes@labaton.com
egottlieb@labaton.com

*Attorneys for Individual Action Plaintiffs*

By: s/ Alan S. Naar
    Alan S. Naar

GREENBAUM, ROWE, SMITH & DAVIS LLP
Alan S. Naar
99 Wood Avenue South
Iselin, NJ 08830
(732) 476-2530
anaar@greenbaumlaw.com

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
James D. Wareham
James E. Anklam
801 17th Street, NW
Washington, DC 20006
(202) 639-7000

Samuel P. Groner
One New York Plaza
New York, NY 10004
(212) 859-8000

*Attorneys for Defendant Perrigo Company plc*

By: s/ Marshall R. King
    Marshall R. King

GIBSON, DUNN & CRUTCHER LLP
Reed Brodsky
Aric H. Wu
Marshall R. King
200 Park Ave
New York, NY 10166
(212) 351-4000

4

*Attorneys for Defendant Joseph C. Papa*
By:  s/ Brian T. Frawley
       Brian T. Frawley

SULLIVAN & CROMWELL LLP
John L. Hardiman
Brian T. Frawley
Michael P. Devlin
125 Broad Street
New York, NY 10004
(202) 558-4000

*Attorneys for Defendant Judy L. Brown*

THE COURT HEREBY ORDERS, this ____ day of _____ 2018, that:

1. The December 13, 2018 Letter Orders in *Mason* and *Pentwater* are hereby modified to cancel the scheduling conferences in *Mason* and *Pentwater* scheduled for January 17, and January 28, 2019, respectively;

2. The foregoing Individual Actions Discovery Schedule is APPROVED, and

3. The foregoing Individual Actions Discovery Plan is APPROVED.

_____
Hon. Leda Dunn Wettre, U.S.M.J.